**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| A&J ELECTRIC CABLE CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2361 |
| | § | |
| EMERSON NETWORK POWER, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

This court granted summary judgment for defendant Emerson Network Power, Inc. ("Emerson") against the plaintiff, A&J Electric Cable Corp. ("A&J"). Emerson has submitted a bill of costs for $42,529.95. (Docket Entry No. 97). A&J objected, (Docket Entry No. 98), and Emerson responded, (Docket Entry No. 100). Based on the parties' arguments, the record evidence, and the applicable law, this court denies the objections in part, grants them in part, and awards Emerson costs in the amount of $32,982.65. This ruling is explained below.

**I.     Background**

A&J filed this lawsuit in 2010, alleging claims for breach of contract. On January 2, 2013, this court granted Emerson summary judgment on A&J's claims. (Docket Entry No. 95). The court entered final judgment that dismissed with prejudice all claims asserted by A&J against Emerson. (Docket Entry No. 96). On January 16, 2013, Emerson submitted a bill of costs and requested recovery of the following costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54.2:

| | |
|---|---|
| Fees for services of summons and subpoena | $338.50 |
| Fees for transcripts necessarily obtained for use in the case | $21,888.65 |

|   |   |
|---|---|
| Fees and disbursements for printing | $20,009.80 |
| Fees for witnesses | $293.00 |

Emerson seeks total costs in the amount of $42,529.95. (Docket Entry No. 97).

On January 22, 2013, A&J filed its objections to Emerson's bill of costs.[1]

## II.    The Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides that: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorneys' fees — should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "Under this rule, the decision to award costs turns on whether a party, as a practical matter, has prevailed." *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985). The prevailing party may recover the following costs under 28 U.S.C. § 1920:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. A court may decline to award the costs listed in the statute but may not award costs omitted from the list, "'absent explicit statutory or contractual authorization to the contrary.'" *Cook Children's Med. Ctr. v. New England PPO Plan*, 491 F.3d 266, 274 (5th Cir. 2007) (quoting *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

The prevailing party must attach an affidavit to its bill affirming that the amount claimed is correct, the costs were necessarily incurred during the case, and the services giving rise to the costs

---

[1] Local Rule 54.2 provides that an application for costs must be filed within fourteen days of entry of final judgment. S.D. Tex. L.R. 54.2. Any objections must be filed within seven days of the bill's filing. *Id.* Emerson filed its bill of costs fourteen days after entry of final judgment. A&J filed its objection within seven days after. The bill of costs and objections thereto were timely filed.

were actually and necessarily performed. 28 U.S.C. § 1924. If the party being taxed has not specifically objected to a cost, the presumption is that the costs were necessarily incurred for use in the case and will be taxed. *See Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417 (N.D. Tex. 1997) ("[I]n the absence of a specific objection, deposition costs will be taxed as having been necessarily obtained for use in the case."). But once an objection is raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than for the convenience of counsel. *See Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991).

**III.    Analysis**

A&J first asks this court to deny Emerson's bill of costs in its entirety. A&J has not, however, specifically objected to each of Emerson's cost items. A&J has not objected to the $21,888.65 for costs Emerson incurred for transcripts obtained for use in the case. Nor has A&J objected to Emerson's witness fees of $293.00. (*See* Docket Entry No. 97, at 1). Without specific objections, Emerson's costs are presumed valid. *See Embotelladora Agral*, 952 F. Supp. at 417; *see also Celanese Corp. v. Kellogg, Brown & Root, Inc.*, 2009 WL 1810967, at *1 (S.D. Tex. June 25, 2009) (explaining the presumption that the prevailing party will be awarded costs absent a good reason for denying them). That A&J pursued this action "in good faith and as expeditiously as possible," (Docket Entry No. 98, at 1), is no basis to deny costs, *see Celanese*, 2009 WL 1810967, at *1 (explaining that good faith alone does not justify denying costs (citing *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006)).

A&J has specifically objected to $338.50 in subpoena fees for the formal service of subpoenas on corporate representative for Cobra Wire & Cable, Inc.; the corporate representative

3

for Southwire Corp.; and Roger Brothers. (*See* Docket Entry No. 97, at 2). A&J argues that a private process server was unnecessary because there was no opposition to the subpoenas and they could have been served by certified mail. A&J asks this court to deny the service costs. (Docket Entry No. 98, at 2). Emerson replied that its subpoenas were proper, but has not addressed A&J's argument that where, as here, there is no evidence of resistance to a subpoena, service by a private process server was not needed. (Docket Entry No. 100). "In this circuit, 'absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920.'" *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 974–75 (S.D. Tex. 2011) (citing *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010)). Emerson has not provided any evidence of exceptional circumstances that required the use of private process serves. A&J's objection to amounts incurred for service of subpoenas is sustained. *See id.* at 975; *Honestech, Inc. v. Sonic Solutions*, 725 F. Supp. 2d 573, 585 (W.D. Tex. 2010) ("[B]ecause there was nothing exceptional about the parties or the nature of this case, the Court finds the private process server fees are not properly taxable as costs.").

    A&J also specifically objects to the sum of $20,009.90 in photocopying costs. A&J argues that the rate of $.20 per page copied is unreasonable because the "customary charge" is $.10 per page. (Docket Entry No. 98, at 2 (citing TEX. ADMIN CODE § 70.10) (setting the standard paper copy cost at $.10 per page)). The amounts charged per page in this case are not unreasonable. *See, e.g.*, *Riojas v. E. W. Exp., Inc.*, 2012 WL 678182, at *2 (N.D. Tex. 2012) (ruling that a charge of $.25 per page copied was not unreasonable). A&J's objection as to the amounts charged per page is overruled.

    A&J objects to the amount of $10,297.00 for copying 51,485 pages of documents produced

in response to discovery requests, when Emerson produced only 33,000 pages of documents. (Docket Entry No. 98, at 2). Reproduction of documents "necessarily obtained for use in the case are included within taxable costs provided that the prevailing party demonstrates that necessity." *Fogleman*, 920 F.2d at 286; *see also id.* at 285 ("If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party."). Several courts have allowed copies of documents produced during discovery as taxable costs. *See, e.g.*, *Waggoner v. Trans Union, LLC*, 2003 WL 22838718, at *4 (N.D. Tex. Nov. 24, 2003). A&J has objected to these copies not on the ground of necessity, but on the number of pages actually produced. Emerson has provided cover letters for its various document productions stating Bates-number ranges that support the number of pages claimed by Emerson. (Docket Entry No. 100, Ex. 1). This objection is overruled.

  A&J also objects to the amount of $9,208.80 for copying 46,044 pages that Emerson has described as "'other copy charges made in defense of litigation.'" (Docket Entry No. 98, at 2). A&J argues that "it is not clear exactly what this expense refers to or whether it was necessary and that it is not warranted for that reason." (*Id.* at 3–4). Emerson responds that it is "not required to provide A&J with an itemized, page-by-page description of each copy made, but nonetheless, these costs were incurred in preparation for trial, including deposition preparation, preparing and copying documents for experts and other witnesses, documents used as exhibits in depositions and motions, and other trial preparation use[d] in defending A&J's claims against Emerson." (Docket Entry No. 100, at 3). The Fifth Circuit has explained that full copying costs are recoverable if the party that made the copies had "a reasonable belief that the documents w[ould] be used during trial or for trial preparation." *Rundus v. City of Dallas*, 634 F.3d 309, 316 (5th Cir. 2011).

> Although [Emerson] need not "identify every xerox copy made for use in the course of the legal proceedings," it must demonstrate some nexus between the costs incurred and the litigation. . . . Without an itemized breakdown, . . . "it [is] impossible to tell to what extent copies charged to [A&J] were necessarily obtained for use in the case rather than obtained simply for the convenience of counsel." . . . [Emerson] has failed to itemize the copies and other related copying services so that this Court could evaluate whether the copies were necessary. . . . While the Court certainly agrees that many documents were filed during the course of this lawsuit, [Emerson] has simply failed to satisfy its burden of showing necessity."

*See Conoco, Inc. v. Energy & Envtl. Intn'l, L.C.*, 2006 WL 734396, at *2 (S.D. Tex. Mar. 22, 2006) (quoting *Fogleman*, 920 F.2d at 286). The amount of $9,208.80 for copying must be disallowed.

**IV.   Conclusion**

A&J's objections to the bill of costs are overruled in part and sustained in part. They are sustained as to the amounts of $338.50 for service of process and $9,208.80 for copying, and otherwise overruled. Emerson's costs are taxed against A&J in the amount of $32,982.65.

SIGNED on March 26, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge